IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DISTRICT

| | |
|---|---|
| DAVID WEBB, | ) |
|     Plaintiff, | ) |
| v. | )   Case No. CIV-15-213-DLR |
| MEGAN SMITH, et al., | ) |
|     Defendants. | ) |

### ORDER STRIKING DOC. NO. 21.

For the reasons set forth below, Plaintiff's September 28, 2015 filing, "Second Supplement to Complaint in Accordance with Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)" ("Second Supplement") Doc. No. 21 is hereby STRICKEN from the record as improper. The Court instructs Plaintiff to file a motion pursuant to Federal Rule of Civil Procedure 15 and District of Utah Local Rule 15-1.[1]

**I.  Plaintiff's Second Supplement (Doc. No. 21) is Improper.**

Plaintiff served Defendants on August 31, 2015. Doc. No. 20. Twenty-eight days later, on September 28, 2015, he filed the Second Supplement, apparently seeking to modify his complaint. Doc. No. 21. Plaintiff had already filed a "Supplement to Complaint in Accordance with Bivens v. Six Unknown Named Agents, 403 U.S. 388

---

[1] Local Rule 15-1 states: "Parties moving under FRCP 15-1 to amend a complaint must attach the proposed amended complaint as an exhibit to the motion for leave to file. A party who has been granted leave to file must subsequently file the amended complaint with the court. The amended complaint filed must be the same complaint proffered to the court, unless the court has ordered otherwise." DUCivR 15-1

(1971)" ("First Supplement") on April 1, 2015. Doc. No. 5.[2] Because Plaintiff sought to amend his complaint a second time more than twenty-one days after service, the Federal Rules required him to first seek permission, or "leave" from the Court to do so. Fed. R. Civ. P. 15. Plaintiff, however, filed his Second Supplement without seeking such permission. Doc. No. 21. Because Plaintiff filed the Second Supplement without the Court's permission, the Court strikes the Second Supplement. *See Matthews v. LaBarge, Inc.*, 407 F. App'x 227, 280 (10th Cir. 2011) (district court did not abuse discretion striking amended complaint where *pro se* plaintiff failed to obtain leave); *see also Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("pro se status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure'") (quoting *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994)).

In the Second Supplement, Plaintiff references Federal Rule 15, including its provision that a court "should freely give leave [to amend] when justice so requires," and that "jurisdiction is proper in this Court according to FRCP Rule 15(a)(2)."[3] Even under the liberal construction this Court affords *pro se* litigants, Plaintiff's general reference is insufficient to consider the Second Supplement to be a motion seeking leave to amend the complaint under Rule 15.

Moreover, even if the Court were to construe Plaintiff's filing as a motion requesting permission to amend his complaint, it would deny such a request. Plaintiff has

---

[2] As discussed below, the First Supplement (Doc. No. 5) is now the operative complaint.
[3] Plaintiff also cites, without explanation, certain portions of Rule 15 governing the relation back of amendments. Doc. No. 21, at 1 (citing 15(c)(1)(C)(i)-(ii)). To the extent Plaintiff seeks the relation back of his amendments, he may submit this request in the Rule 15 motion.

now twice sought to modify his original complaint through "supplements." Doc. Nos. 5, 21. However, Plaintiff may not modify his complaint by filing piecemeal amendments. Instead, if he wishes to amend his complaint, he must submit a single document that includes all of the allegations, parties, and claims he wishes to be before the Court. Plaintiff must submit this document as a "proposed amended complaint" attached to the motion described above.

## II. Plaintiff Is Advised that the First Supplement (Doc. No. 5) Is the Only Complaint Before This Court.

Plaintiff is advised that his First Supplement, **Doc. No. 5**, has completely replaced and superseded the original complaint, **Doc. No. 3**. The original complaint therefore has no legal effect and will not be considered.

It appears that Plaintiff attempted to use the First Supplement to modify the original complaint. To do so, he would have had to incorporate the original complaint by reference in the amended complaint pursuant to Federal Rule of Civil Procedure 10(c). Fed. R. Civ. P. 10(c). Under Rule 10(c), "specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific" *Fullerton v. Maynard*, 943 F.2d 57, at *2 (10th Cir. 1991) (unpublished); *Schoonover v. Stuart*, 2010 WL 3022845, at *2 (N.D. Okla. July 29, 2010) (quoting *id.*). General references in an amended complaint to the prior complaint are insufficient. *Id.*

Plaintiff's First Supplement does not make "direct and specific" references to the original complaint, only general references. Doc. No. 5. Thus First Supplement does not

3

incorporate the original complaint, but instead completely replaces it. *Fullerton*, 943 F.2d at *2 (affirming holding that *pro se* plaintiff's amended complaint supersedes original complaint); *Shouse v. Price*, 2006 WL 3692485, at *1 (W.D. Okla. Dec. 7, 2006) (*pro se* plaintiff's amended complaint superseded the complaint it modified); *Schoonover*, 2010 WL 3022845, at *2 (same). Because the original complaint (Doc. No. 3) no longer has any legal effect, it will not be considered. If Plaintiff does not wish for his First Supplement (Doc. No. 5) to be the operative complaint, he must seek to amend his complaint through the procedures outlined above.

### III. Conclusion

In accordance with the foregoing, the Court ORDERS the following:

1. Plaintiff's Second Supplement to Complaint in Accordance with <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971) (Doc. No. 21) is STRICKEN from the docket.

2. If Plaintiff wishes to amend his complaint, he must do the following on or before **November 5, 2015:**

    a) Plaintiff must file a motion in compliance with Federal Rule of Civil Procedure 15 and District of Utah Local Rule 15-1, seeking leave to file an amended complaint;

    b) Plaintiff must include a proposed amended complaint as an exhibit to that motion; and

    c) the proposed amended complaint must stand on its own and contain all of the allegations, parties, and claims Plaintiff intends to be before this Court.

3. In light of the foregoing, the Court extends Defendants' responsive deadline to **November 19, 2015**.

IT IS SO ORDERED, this 22nd day of October, 2015.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE