IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DISTRICT

| | |
|---|---|
| **DAVID WEBB,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. CIV-15-213-DLR** |
| | ) |
| **MEGAN SMITH, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

### ORDER

Three motions are before the Court: (1) **Doc. No. 19** - Plaintiff's "Motion to Notify the Court of Non-Compliance of Its Order Dated 04 August 2015 By United States Marshal Service – Utah District" ("Motion to Notify #1"); (2) **Doc. No. 22** - Plaintiff's "Motion to Notify the Court of Resolving the Issue of the Summons and Complaints on MVM, Incorporated Employess [sic] (Court Security Officers) – [Defendants John Does & Jane Does] Utah District From Its Order Dated 04 August 2015" (Motion to Notify #2); and (3) **Doc. No. 23** - Plaintiff's "Supplemental Motion to Notify the Court of Resolving the Issuing of the Summons and Complaints on MVM, Incorporated Employess [sic] (Court Security Officers) –[Defendants John Does & Jane Does] Utah District From Its Order Dated 04 August 2015" ("Motion to Notify #3").

For the reasons stated below, the Court **DENIES** Plaintiff's motions.

1

I.      **Relevant Background**

Plaintiff, proceeding *pro se*, brings this action against several defendants and unidentified John and Jane Does ("Doe Defendants"). Plaintiff initially believed the Doe Defendants to be U.S. Marshals Service employees.[1] Doc. No. 22, at 1. Upon Plaintiff's motion [Doc. No. 17], on August 4, 2015, this Court ordered the U.S. Marshals Service to effect service of process (the "August 4 Order"). Doc. No. 18. Following entry of the Court's order, Plaintiff learned that the Doe Defendants were not U.S. Marshals Service personnel, but federal contractors employed by MVM, Incorporated. Doc. No. 22, at 1; Doc. No. 23.

II.     **Motion to Notify #1 (Doc. No. 19)**

Plaintiff's Motion to Notify #1 appears to be a notice to the Court and does not appear to seek any relief from the Court. *Id.* In any event, because Plaintiff acknowledges that the U.S. Marshals Service has now served all identified defendants (Doc. No. 22, at 1, ¶ 3), the issues raised in Motion to Notify #1 appear to have been resolved. The Court therefore DENIES the motion as moot.

III.    **Motion to Notify #2 (Doc. No. 22) & Motion to Notify #3 (Doc. No. 23)**

Plaintiff filed these motions, apparently believing that "the MVM, Incorporated Employees (Court Security Officers) are virtually intertwined with the Federal

---

[1] On April 1, 2015, Plaintiff filed a "Supplement to Complaint in Accordance with Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)." Doc. No. 5. As set forth in the Court's order dated October 21, 2015 [Doc. No. 24], this document is the operative complaint. On September 28, 2015, Plaintiff filed a "Second Supplement to Complaint in Accordance with Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)" ("Second Supplement"). Doc. No. 21. As set forth in the Court's order dated, October 22, 2015, the Second Supplement is stricken from the record and has no legal effect. Doc. No. 24.

2

Employees [Defendants **SMITH; CASAS; ELIZABETH; MICHELLE,** and **ATTORNEY YORK**] in accordance with FRCP 19." Doc. No. 22, at 2; Doc. No. 23, at 2. Based on this belief, Plaintiff asks this Court to "issue an ORDER resolving this conflict, so that Joh [sic] Does and Jane Does may be legally Process Served the Original, Supplemental Complaints as soon as Judicially possible." *Id.* In his supplemental motion, he suggests that the Court may order the U.S. Marshals Service to disclose to this Court "any records that may help in identifying, locating and completing service of process upon the named defendants." Doc. No. 23, at 2. He also asks that the Court order the U.S. Marshals Service to bear the costs of copying and serving the "John Does and Jane Does [**MVM, Incorporated Employees**]." Doc. No. 22, at 2; Doc. No. 23, at 2.

It is not clear precisely what relief Plaintiff seeks from the Court in either motion. Under the liberal construction this Court gives to *pro se* litigants, and construing Plaintiff's motions together, it appears that the Plaintiff is asking the Court to order the U.S. Marshals Service to: (1) serve the Doe Defendants and (2) provide either Plaintiff or the Court with information relating to the identities of the Doe Defendants. The Court denies both requests.

  A. *Order to Serve the Doe Defendants*

The Court declines to order the U.S. Marshals Service to serve the Doe Defendants for two reasons. First, the August 4 Order does not order service of any MVM, Incorporated employees. Doc. No. 18. Second, and more fundamentally, the Court cannot order the U.S. Marshals Service to serve an unidentified party. Under Rule 4 of Federal Rules of Civil Procedure, service may be made pursuant to state law or by "(A)

3

delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). State law authorizes service in the same manner. OKLA. STAT. tit. 12, § 2004. It is not possible to follow these requirements when the individual's identity is unknown. Thus, to the extent Plaintiff requests that the Court order the U.S. Marshals Service to serve the Doe Defendants, this request is DENIED.

      B.      *Order Compelling Disclosure of Information*

At this juncture, the Court will not compel the U.S. Marshals Service to submit any records to the Court or Plaintiff. Information relevant to litigation, including the identities of unnamed defendants, is more appropriately sought through properly served discovery requests that comply with the Federal Rules of Civil Procedure. *See generally Lujan ex rel. Lujan v. Cnty. of Bernalillo*, 354 F. App'x 322, 325 (10th Cir. 2009) (plaintiff could have identified, named, and served unidentified federal employees during the course of discovery); *Harper v. Rudek*, 2012 WL 262986, at *3 (W.D. Okla. Jan. 30, 2012) (plaintiff can use discovery to discover a Doe defendant's identity and amend the complaint thereafter); *Martin v. Global Mktg. Research Servs., Inc.*, 2015 WL 6083537, at *6 (M.D. Fla. Oct. 15, 2015) (it is routine for plaintiffs to "conduct discovery to discover the identities of John Doe defendants"). Accordingly, the Court declines to order the U.S. Marshals Service, or any other entity, to provide information outside the course

of formal discovery. Thus, to the extent Plaintiff requests that the Court order disclosure of such information at this juncture, this request is DENIED.

    C.    *Order Requiring U.S. Marshals Service to Bear Costs*

In light of the foregoing, Plaintiff's request that the Court order the U.S. Marshals Service to bear the costs of copying and serving the MVM, Incorporated John and Jane Does (Doc. No. 22, at 2; Doc. No. 23, at 2) is DENIED as MOOT.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Notify #1 (Doc. No. 19) is **DENIED as moot** and Plaintiff's Motion to Notify #2 and Motion to Notify #3 (Doc. Nos. 22 and 23) are hereby **DENIED.**

IT IS SO ORDERED, this 22nd day of October, 2015.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE