**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | | |
|---|---|---|
| **DAVID WEBB,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-15-213-DLR** |
| | ) | |
| **MEGAN SMITH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Pursuant to this Court's *sua sponte* screening authority as set forth in 28 U.S.C. § 1915(e)(2)(B), the Court dismisses Plaintiff Webb's Amended Complaint against the unserved defendants Phillip LNU, Richard LNU, Brian LNU, Craig LNU, AJ LNU, Douglas LNU, S. Williams, Gary LNU, Ben LNU**,** Rick LNU, Chord LNU, J. Jones, Terry LNU, JD LNU, JR LNU, Eric LNU, Sig LNU, Haws LNU, Rich LNU, Hugh LNU, Al LNU, Peggy LNU, and Rhonda LNU (the "Unserved Defendants").

Plaintiff Webb proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. Under the statute, the district court must "dismiss the case at any time if the court determines that . . . the action or appeal  . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal is only proper where it is "obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis,* 500 F.3d 1214, 1217 (10th Cir. 2007) citations and quotations omitted); *see also Nunn v. Relich*, No. 15-1483, 2016 WL 929672, at *2 (10th

Cir. Mar. 11, 2016) (quoting *id.*). In determining whether dismissal is proper, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in light most favorable to the plaintiff." *Id.* (citations and quotations omitted). The standard of review for dismissals under § 1915(e) is the same as Rule 12(b)(6) motions to dismiss for failure to state a claim. *Id.*; *see also Nunn*, 2016 WL 929672, at *2 (10th Cir. Mar. 11, 2016) (quoting *id.*)

Here, dismissal of Plaintiff's claims against the Unserved Defendants is proper. Plaintiff's claims in his Amended Complaint against the Unserved Defendants mirror those against MVM, Inc. and Brent Wiechman. The Court dismissed those claims for failure to state a claim under Rule 12(b)(6). Doc. No. 66. Accordingly, for the reasons set forth in the Court's Order dated February 18, 2016 (Doc. No. 66), Plaintiff's Amended Complaint against the Unserved Defendants is DISMISSED.

IT IS SO ORDERED, this 21st day of March, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE